UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. CRAGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO SHERIFF, et al.,<br><br>　　　　　Defendant. | No. 2:19-cv-02510-TLN-CKD PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

It appears plaintiff lists Sacramento Sheriff # 1 and #2 and Sacramento Sheriff Sergeant as unnamed defendants. (ECF No. 1 at 8.) Plaintiff alleges her car was parked and officers towed

1

her vehicle because it had an expired registration and over five parking violations, which plaintiff claims is wrong. (Id. at 10–11.) Plaintiff brings claims for falsifying records, illegal search and seizure, and abuse of power.

However, plaintiff has not named any individuals who are allegedly responsible for the searching and towing of her vehicle. This court cannot evaluate plaintiff's claims against specific defendants unless they are adequately identified, with allegations specifically stating what actions each named defendant took that violated plaintiff's constitutional rights.

While plaintiff may state a claim cognizable in a civil rights action, a plaintiff must connect each named defendant clearly with the claimed denial of his rights. Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194–95 (9th Cir. 1998) (1999) (explaining that a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights").

Plaintiff will be provided an opportunity to amend the complaint to name individual defendants. Plaintiff is cautioned that failure to file an amended complaint within the time provided by this order may result in dismissal of the action. See Local Rule 110. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a named defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 6, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 crago2510.ifp-lta