1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARY J. CRAGO,                         No.  2:19-CV-02510-TLN-CKD (PS)

12                  Plaintiff,

13        v.                                ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   SACRAMENTO SHERRIFF et al.,

15                  Defendants.

16

17        Plaintiff is pro se and proceeding in this action in forma pauperis under 28 U.S.C. § 1915.

18   This action was referred to this court by Local Rule 302(c)(21).

19        On February 6, 2020, the court granted plaintiff's motion to proceed in forma pauperis,

20   dismissed plaintiff's complaint with leave to amend, and provided plaintiffs with 30 days to file a

21   first amended complaint.  (ECF No. 4.)  Plaintiff was advised that failure to file an amended

22   complaint in accordance with the order would result in a recommendation that this action be

23   dismissed.  (Id.)

24        The deadline to file an amended complaint passed, and plaintiff failed to file an amended

25   complaint as ordered.  Plaintiff likewise did not file a notice of voluntary dismissal.  Accordingly,

26   the court recommends dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)

27   for failure to comply with court orders and failure to prosecute the action.

28        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

1

1    with these Rules or with any order of the Court may be grounds for imposition by the Court of

2    any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

3    Moreover, Eastern District Local Rule 183(a) provides, in part:

>    Any individual representing himself or herself without an attorney is
>    bound by the Federal Rules of Civil or Criminal Procedure, these
>    Rules, and all other applicable law.  All obligations placed on
>    "counsel" by these Rules apply to individuals appearing in propria
>    persona.  Failure to comply therewith may be ground for dismissal,
>    judgment by default, or any other sanction appropriate under these
>    Rules.

8    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (stating that "[p]ro se litigants must

9    follow the same rules of procedure that govern other litigants"), overruled on other grounds.  A

10   district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant

11   to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

12   fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

13   rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

14   sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Pres. Council v. U.S. Forest

15   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to

16   Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

17   with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

18   1995) (per curiam) (stating that "[f]ailure to follow a district court's local rules is a proper ground

19   for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (explaining that,

20   "[p]ursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

21   failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

22   F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that "[d]istrict courts have inherent power to

23   control their dockets" and may impose sanctions that include dismissal).

24        A court must weigh the five Ferdik factors in determining whether to dismiss a case for

25   failure to prosecute, failure to comply with a court order, or failure to comply with a district

26   court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

>    (1) the public's interest in expeditious resolution of litigation; (2) the
>    court's need to manage its docket; (3) the risk of prejudice to the
>    defendants; (4) the public policy favoring disposition of cases on

2

their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been substantially delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal because, at a minimum, the defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare a defense.  With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already given plaintiff the opportunity to avoid dismissal.  It has been several months since the court-ordered deadline to amend passed, and plaintiff has not sought leave to amend or otherwise taken any action to suggest an intent to prosecute this case. Moreover, the court is not convinced that plaintiff could or would pay any monetary sanctions if they were ordered, given plaintiff's initial request to proceed in forma pauperis and her failure to respond to the court's order.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to prosecute the case and comply with court orders that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2.   The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

1   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2          In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

3   discovery, and motion practice in this action are stayed pending resolution of the findings and

4   recommendations.  With the exception of objections to the findings and recommendations and

5   any non-frivolous motions for emergency relief, the court will not entertain or respond to any

6   motions and other filings until the findings and recommendations are resolved.

7          IT IS SO RECOMMENDED AND ORDERED.

8   Dated:  August 31, 2020

9                                                          _____

10                                                         CAROLYN K. DELANEY
                                                           UNITED STATES MAGISTRATE JUDGE

11

12   17.02510.dismiss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28